# INDIANA UNION TRACTION COMPANY v. ABRAMS.

[No. 22,050. Filed March 7, 1913. Rehearing denied
June 26, 1913.]

1. MASTER AND SERVANT.—*Injuries to Servant.*— *Complaint.* — *Relation of Master and Servant.*—A complaint in an action for personal injuries based on the theory of a negligent failure to equip an electric passenger car with an approved air brake, in violation of §5283 Burns 1908, Acts 1907 p. 186, §6, alleging among other things that defendant is a common carrier, operating an interurban electric railway, and that it negligently ran over its road an electric passenger car which was not equipped with an approved air brake, etc., that plaintiff's injury was caused by such negligence, and that on said occasion "the plaintiff was the motorman in charge of said car, and while so employed, and while operating the same" he was injured, is sufficient as against the objection that the relation of master and servant is not shown. p. 55.

2. TRIAL.—*Interrogatories.*—*Mixed Questions of Law and Fact.*— *Constructive Notice.*—Section 572 Burns 1908, Acts 1897 p. 128, relating to the submission of interrogatories, contemplates only special findings of fact in the answers thereto, and it is improper to submit questions which require findings compounded of law and fact, hence interrogatories calling for answers on the subject of constructive notice, which is a mixed question of law and fact, cannot be considered. p. 59.

3. NOTICE.—*Pleading.*—An allegation in a pleading of lack of knowledge, includes constructive as well as actual knowledge, unless the context evinces the contrary. p. 59.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Electric Railroads.* —*Air Brakes.*—*Statutes.*—*Answers to Interrogatories.*—Under §5283 Burns 1908, Acts 1907 p. 186, §6, making it unlawful to operate any motor car in interurban passenger traffic, which is not equipped with an approved power air brake, in good condition, and subject to the control and operation of the motorman, and of sufficient capacity to control the speed of the car, the duty to supply such brakes is absolute, so that in an action by a motorman for injuries, based on defendant's negligent failure to comply with such statute, answers to interrogatories showing that defendant had supplied a brake that was apparently in good condition and which was, under ordinary conditions, of sufficient capacity to control the speed of the car, are not in irreconcilable conflict with the general verdict for plaintiff. p. 60.

5. STATUTES.—*Construction.—Duty of Courts.*—It is the duty of the courts to uphold acts of the General Assembly, and not to impair or overthrow them, unless in conflict with organic law. p. 62.

6. MASTER AND SERVANT.—*Injuries to Servant.—Burden of Proof. —Res Ipsa Loquitur.*—Under §5291 Burns 1908, Acts 1907 p. 186, §14, exempting any employe of a common carrier, who may be injured by any car in use contrary to the provisions of the act, from the application of the rules of contributory negligence and · assumed risk, where the proximate cause of an employe's injury was the carrier's failure to comply with §5283 Burns 1908, Acts 1907 p. 186, §6, requiring all motor cars used in interurban passenger traffic to be equipped with approved air brakes of sufficient capacity to control the speed of the car, the doctrine of *res ipsa loquitur* applies, and the defendant has the burden of showing some excuse for the *prima facie* failure of duty on its part. p. 62.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Allen F. Abrams against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James A. Van Osdol, Louis B. Ewbank* and *Kane & Kane,* for appellant.

*Charles B. Clarke, Walter C. Clarke, George Shirts, W. B. Fertig* and *Walter Shirts,* for appellee.

MORRIS, J.—Action by appellee against appellant for personal injuries, alleged to have been sustained in a collision between two electric motor cars. The court overruled a demurrer to the complaint. This ruling is assigned as error. There was a trial by jury and verdict and judgment for appellee in the sum of $10,000. Appellant moved for judgment on the answers to 131 interrogatories submitted to the jury by the trial court. This motion was overruled, and such ruling is claimed to be erroneous.

1. The complaint is based on the theory of negligent failure to equip an electric passenger car with an approved air brake, in violation of the provisions of §6 of the act of March 8, 1907 (Acts 1907 p. 186, §5283 Burns 1908). This section reads as follows: "That it

shall be unlawful for any common carrier in this state operating an interurban railway by electric power to operate or run upon any railroad in this state any motor car used in regular interurban passenger traffic which is not equipped with an approved power air brake, in good condition, and subject to the control and operation of the motorman in charge of such car, and of sufficient capacity to control the speed of the car.'' Section 14 of the same act (Acts 1907 p. 186, §5291 Burns 1908), contains the following provisions: ''That any employe of any such common carrier who may be * * * injured by any * * * car * * * in use, contrary to the provisions of this act, * * * shall not be deemed thereby to have assumed the risk thereby occasioned * * * nor shall any such employe be held as having contributed to his injury in any case where the carrier shall have violated any of the provisions of this act * * *.'' The complaint alleges among other things that appellant is a common carrier, operating an interurban electric railway between Indianapolis and Peru, and other cities; that appellant negligently ran over its road an electric passenger car, ''which was not equipped with an approved air brake, in good condition, nor subject to the control or operation of the motorman in charge thereof, nor of sufficient capacity to control the speed of the car'' and that appellee's injury was caused by the aforesaid negligence; that on said occasion ''the plaintiff was the motorman in charge of said car, and while so employed, and while operating the same'' he was injured. Appellant insists that the complaint is insufficient because it fails to aver facts showing the relation of master and servant between appellant and appellee. The complaint is sufficient, as against the objection urged, to repel a demurrer for want of facts. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

It is alleged that appellee, while operating the car, discovered another interurban car approaching him at a suffi-

cient distance away, for him to have stopped his car and avoided the collision had his car been equipped with an approved air brake, in good condition, etc.; that as soon as he saw the approaching car, he attempted to apply the brake to check its speed, but because of the defective condition of the brake the car ran with great speed into the approaching car and thereby caused the injury.

The following facts are found by the answers to interrogatories: plaintiff was injured because of a collision between a passenger car, of which he was in charge as motorman, and a freight car; plaintiff's car had the right of way, and collided with the freight that should, under the rules, have stopped at a siding; when plaintiff first saw the approaching freight, his car was from 650 to 700 feet from the place of accident, and from 970 to 1,020 feet from the approaching freight; the latter car was then running about 35 miles per hour, and plaintiff's about 25 miles per hour; the plaintiff attempted to apply the air brake on his car as soon as he saw the approaching freight, but his car traveled from 150 to 200 feet before the brake took hold, and he was traveling at a high rate of speed when the collision occurred; at the time of the accident the freight had almost stopped; plaintiff's car, if equipped with a standard brake in good condition and of sufficient capacity to control the speed of the car, could have been stopped in from 350 to 400 feet, when traveling 35 miles per hour. It is further found that plaintiff took charge of the car at Indianapolis; that on the day before, its braking equipment was carefully tested by competent employes; it was equipped, when delivered to plaintiff, with an approved air brake, *"apparently"* in good condition (italics ours), and was, when delivered, subject to the control of the motorman, and, *"under ordinary conditions,"* was of sufficient capacity to control the speed of the car; the brake was not weak, nor worn, and "apparently not" broken; the accident occurred a short distance north of Noblesville; between Indianapolis and Noblesville, on the

trip, before the accident, the brake had failed to work properly on one occasion; the injury was not solely due to an accidental occurrence.

The following answers were made to the following interrogatories: 73. "Did the defendant after said car was delivered to plaintiff at Indianapolis on that occasion and before the alleged injury know or have any knowledge whatever that the brakes on said car had failed to work properly and control the speed of said car between the time when said car left Indianapolis and the time the plaintiff attempted to stop the same on account of said approaching freight car?" "No." 76. "Did defendant after said car was delivered to plaintiff at Indianapolis on that occasion and before the happening of the alleged injury know or have any knowledge whatever that the brakes on said car were defective between the time said car was delivered to plaintiff at Indianapolis and the time when plaintiff attempted to stop the same on account of said approaching freight car?" "No." 79. "From the time said car left the shops of defendant at Anderson and until said car was delivered to the plaintiff at Indianapolis, what knowledge or notice did the defendant have that the air brake on said car was defective?" "None." 82. "From the time said car left the shops of defendant at Anderson and until said car was delivered to plaintiff at Indianapolis, what knowledge or notice did defendant have that the air brake on said car was not of sufficient capacity to control the speed of said car?" "None." 86. "Had the equipment of said car composing said power air brake been procured by defendant from manufacturers of recognized standing as manufacturers of power air brakes for use on interurban cars?" "Yes" 87. "Was the power air brake the kind then in common use on interurban trolley cars such as those operated by defendant at the time?" "Yes." 96. "If you answer that there was any defect or want of capacity in the brakes of said passenger car after the same was delivered to plaintiff on

that occasion, then state whether or not defendant had any means of knowing of the existence of such defect or want of capacity, if any, before the happening of the alleged injury?" "No."

It is contended by appellant that when it provided reasonably safe equipment, such as was in general use on well managed roads, and caused it to be inspected by competent persons, and was without any knowledge, actual or constructive, of defects afterward developing, it had fully discharged its duty to appellee, and that the facts specially found show that this duty had been performed.

Appellee insists that interrogatories Nos. 73, 76, 79 and 82, on the question of defendant's knowledge of the defective brake, must be held to relate only to actual knowledge by reason of the fact that in other interrogatories submitted such intent is manifest; but if it should be held that such interrogatories called for answers on the subject of constructive notice, they cannot be considered because constructive notice is a mixed question of law and fact about which it is not competent to interrogate the jury. Our statute relating to the submission of interrogatories contemplates only special findings of fact in the answers thereto, and it is improper to submit questions which require findings compounded of law and fact. §572 Burns 1908, Acts 1897 p. 128; Elliott, App. Proc. §753; *Chicago, etc., R. Co.* v. *Burger* (1890), 124 Ind. 275, 24 N. E. 981; *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 308, 90 N. E. 307; *Cleveland, etc., R. Co.* v. *Asbury* (1889), 120 Ind. 289, 22 N. E. 140; *Chicago, etc., R. Co.* v. *Ostrander* (1888), 116 Ind. 259, 15 N. E. 227, 19 N. E. 110; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470; *Korrady* v. *Lake Shore, etc., R. Co.* (1892), 131 Ind. 261, 29 N. E. 1069.

3. An allegation in a pleading of lack of knowledge, includes constructive as well as actual knowledge, unless the context evinces the contrary. *Consolidated Stone*

*Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235.    Here however, it is evident from a consideration of the above, and other interrogatories submitted that the subject of inquiry was actual, and not constructive knowledge or notice.

Appellee claims that the statute imposed upon appellant the absolute duty to equip the car according to the provisions of the act, and this duty was not discharged 4. by showing that the car was equipped with an approved air brake, in "apparent" good condition, not "apparently" broken, and of sufficient capacity to control the car "under ordinary conditions"; that appellant's lack of knowledge of the defect in the brake and the exercise of ordinary care in equipment and inspection do not meet the requirements of the act.    The statute in question is similar to the act of Congess of March 2, 1893 (27 Stat. at Large 531, chap. 196, U. S. Comp. Stat. 1901 p. 3174), which rendered it unlawful for any carrier engaged in moving interstate traffic by railroad, to use on its line any locomotive engine not equipped with a power driving-wheel brake and appliances for operating the train brake system, or to run any train in such traffic that had not a sufficient number of cars in it so equipped with power or train brakes that the engineer on the locomotive drawing such train can control its speed.    The Government brought an action against the Chicago, Burlington and Quincy Railway Company to recover certain penalties, which, it was alleged, had been incurred by the defendant for violations of the act. At the trial, a verdict of guilty was directed by the district court, and the judgment was affirmed by the Circuit Court of Appeals.    *Chicago, etc., R. Co.* v. *United States* (1909), 170 Fed. 556, 95 C. C. A. 642.    On a writ of *certiorari* to the latter court, the judgment was affirmed by the Supreme Court of the United States.    *Chicago, etc., R. Co.* v. *United States* (1911), 220 U. S. 559, 31 Sup. Ct. 612, 55 L. Ed. 582. The above case was decided after appellant had filed its

brief in this cause.  Mr. Justice Harlan delivered the opinion of the court, and it deals with the questions here in controversy as to the construction of the statute.  It was held that the duty of the carrier is an absolute one, which is not met by the exercise of reasonable care and diligence, in equipment and inspection.

In enacting our statute,—evidently modeled after the act of Congress,—it cannot be doubted that the legislature was not satisfied with the duty and liability of carriers to their servants, as defined by common-law rules, and, by this act of 1907, it intended that such duty and liability should be measured by a stricter rule.  This rule is set out in the act, in language so plain as to practically foreclose discussion as to the legislative intent.  We think the duty prescribed by the act of 1907 is absolute, and is not discharged by proof of the use of ordinary care in equipment and inspection. *St. Louis, etc., R. Co.* v. *Taylor* (1908), 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061; *United States* v. *Atchison, etc., R. Co.* (1908), 163 Fed. 517, 90 C. C. A. 327; *St. Louis, etc., R. Co.* v. *Neal* (1906), 83 Ark. 591, 98 S. W. 958.  Under such construction of the statute, it is evident that the answers to interrogatories on the subject of equipment are not in irreconcilable conflict with the general verdict.

The complaint alleges that the brake was not in good condition, and was not of sufficient capacity to control the speed of the car.  The statute requires both qualities.  The duty exacted to equip with power air brake in good condition is not performed in supplying a brake in a condition which was good in appearance only.  The word "apparent" is defined by Webster as follows: "Appearing to the eye, but not true, or real."  Neither is the demand of the statute satisfied by equipment with a brake of sufficient capacity to control the speed of the car "under ordinary conditions."  It must have been contemplated by the legislature in enacting the statute that extraordinary conditions might arise, as did here, when

the only means of safety to passengers and employes would lie in the quick control of the car's speed by the application of the air brake.   The title of the act (Acts 1907 p. 186) recites that it is "An Act to promote the safety of employes and travelers," etc.   To hold that equipment, sufficient only for ordinary conditions, fulfils the statutory requirement, would be the subversion of the plain intent of the 5. enactment.   It is the duty of courts to uphold acts of the General Assembly, and not to impair or overthrow them, unless in conflict with organic law.

Appellee's injury was proximately caused by the 6. failure of the brake to control the speed of the car.

The special findings are silent on the question as to what was the matter with the brake.   The statute, in express terms (§5291 Burns 1908, Acts 1907 p. 186), absolved appellee from the application of the rules of contributory negligence and assumed risk.   The doctrine of *res ipsa loquitur* applies.   *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 208, 82 N. E. 1025, 84 N. E. 14, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1, and cases cited.   The happening of the accident, under the facts found by the jury, was *prima facie* evidence of appellant's negligence, which imposed on it the obligation to show some excuse for the *prima facie* failure of duty on its part.   *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74, 56 N. E. 434.   No such excuse is shown by the findings.   The facts specially found do not contradict the general verdict in its finding that appellee's injury was proximately caused by appellant's failure to equip the car with an air brake, in good condition, or of sufficient capacity to control the speed of the car.

There is no reversible error, and the judgment should be affirmed.   It is suggested that appellee died since the submission of the cause, and, therefore, the judgment is affirmed as of the date of submission.

NOTE.—Reported in 101 N. E. 1.   See, also, under (1) 26 Cyc. 1384; (2) 38 Cyc. 1912; (4) 26 Cyc. 1513; 38 Cyc. 1927; (5) 36 Cyc.

1103; (6) 26 Cyc. 1410, 1421. As to the care imposed upon a master in respect of having the latest appliances for the servant, see note to *Brazil Block Coal Co.* v. *Gibson* (Ind.), 98 Am. St. 292. As to the doctrine of *res ipsa loquitur*, see 113 Am. St. 999; 6 L. R. A. (N. S.) 337; 16 L. R. A. (N. S.) 214.

