## WATERS, ADMINISTRATOR, v. INDIANAPOLIS TRACTION AND TERMINAL COMPANY.

[No. 22,753. Filed June 29, 1916. Rehearing denied November 10, 1916.]

1. APPEAL.—*Briefs.—Sufficiency.—Failure to Include all Instructions.*—Under Rule 22 of the Supreme and Appellate Courts, requiring that appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, a brief setting out only those instructions given and refused, on which error is predicated, is sufficient.   p. 531.

2. APPEAL.—*Scope of Review.—Record.—Sufficiency.*—Under §691 Burns 1914, §650 R. S. 1881, providing that when an appeal is prosecuted to obtain a review of instructions given and refused it shall not be necessary to set out in the record all of the evidence, but

Waters *v*. Indianapolis Traction, etc., Co.—185 Ind. 526.

it shall be sufficient in the bill of exceptions to set out the instructions excepted to, with a recital that the same were applicable to the evidence, the instructions may be reviewed without the evidence, and, where appellee fails to obtain its consideration by having the same properly incorporated in the record, the court cannot hold erroneous instructions harmless upon the mere unsupported statement of appellee that they were cured by the evidence given. p. 531.

3. NEGLIGENCE.—*Pleading.—Independent Acts of Negligence.*— Where, in an action for the death of one struck and run over by a street car the complaint alleges that decedent's injuries were due to negligence in equipping the car with a type of guard forbidden by a city ordinance, in having the same too high above the tracks' in placing across the guard and in the center thereof an iron drawbar and knuckle head which prevented a person struck by the car or fender from falling or remaining on the guard, and in permitting the pavement between the tracks to become and remain out of repair in violation of a municipal ordinance, four independent acts of negligence are charged, and proof of all is not essential to a recovery. p. 532.

4. STREET RAILROADS.—*Injuries to Persons on Tracks.—Instructions.—Contributory Negligence.—Last Clear Chance.—Jury Question.*—In an action for the death of one killed by a street car under a complaint based on the doctrine of last clear chance, an instruction that it was necessary to a recovery that the negligence of defendant as charged in the complaint was the proximate cause of death and that if decedent could have gotten off the track by the exercise of ordinary care in time to have avoided injury and failed to do so, decedent's negligence would be the proximate cause of injury, was erroneous, since it was for the jury to determine whether decedent was guilty of contributory negligence barring a recovery. pp. 532, 534.

5. STREET RAILROADS.—*Injuries to Person on Tracks.—Complaint.—Contributory Negligence.—Last Clear Chance.*—Where, in an action against a street railroad company for the death of one struck and run over by a street car, the complaint, while admitting that decedent was guilty of original contributory negligence in going upon the track, charged that she was not seriously injured by the first contact with the car, but that decedent's subsequent fatal injury was due to defendant's negligence in particulars specifically alleged, such complaint states a cause of action under the doctrine of last clear chance. p. 534.

6. DEATH.—*Action.—Right of Administrator to Recover for Wrongful Death of Intestate.*—In an action by an administrator for damages for the death of his intestate, there cannot be a recovery based on defendant's negligence unless the deceased, had she survived, might have recovered for the same negligence. p. 534.

7.  NEGLIGENCE.—*Violation of Municipal Ordinance.—Negligence Per Se.*—It is negligence *per se* to violate a valid city ordinance. p. 535.

8.  STREET RAILROADS.—*Operation.—Municipal Ordinance.—Most Approved Life Guards.*—While a city ordinance requiring street cars to be equipped with the "most approved life guards" does not make a street car company an insurer of the safety of pedestrians, nor does it establish a definite standard as to the type of appliance to be used, it does contemplate the use of a type of fender that meets the greatest measure of general approval of those expert in street car operation, and that the style of life guards employed will be changed by the adoption of possible future inventions tending to greater practical efficiency.  p. 535.

9.  STREET RAILROADS.—*Injuries to Person on Track.—Negligence.—Fenders.—Instruction.—Municipal Ordinance.*—In an action for the death of a pedestrian based in part on defendant street car company's alleged negligence in failing to comply with a city ordinance requiring that street cars be "provided with the most approved life guards," an instruction that a street railway company is not bound to provide a fender that will make it impossible for a person to go under the wheels, but has the right in selecting a fender to use its judgment and experience as a guide and consider all the uses of a fender and the usage it has to stand, and if in good faith it adopts an appliance that is reasonably sufficient it has then fully discharged its duty in that respect, was erroneous, since it was for the jury to determine whether the fender in use was of a type which satisfied the requirements of the ordinance.  p. 536.

From Johnson Circuit Court; *W. E. Deupree*, Judge.

Action by Philip O. Waters, administrator of the estate of Mary Eliza Waters, deceased, against the Indianapolis Traction and Terminal Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 569.) *Reversed.*

*Wymond J. Beckett, Reginald H. Sullivan* and *Edward H. Knight,* for appellant.

*F. Winter, D. E. Watson, M. E. Foley* and *W. H. Latta,* for appellee.

MORRIS, J.—Action by appellant for the death of Mary Eliza Waters, wife of the administrator.  A

trial by jury resulted in a verdict and judgment for appellee. Error is here asserted because of the giving of certain instructions and the refusal to give others requested. The record does not contain the evidence. The appeal was taken under the proviso of §691 Burns 1914, §650 R. S. 1881, reading as follows: "That when in any case an appeal is prosecuted upon the question of the correctness of instructions given or refused, or the modifications thereof, it shall not be necessary to set out in the record all the evidence given in the cause, but it shall be sufficient in the bill of exceptions to set out the instructions or modifications excepted to, with a recital of the fact that the same were applicable to the evidence in the cause." The instructions given by the court, and those requested by appellant and refused, are incorporated in the record by a bill of exceptions, which recites that the same were applicable to the evidence in the cause.

The first paragraph of complaint alleges that decedent was run over and killed, on Massachusetts avenue, in Indianapolis, by appellee's street car, and that the cause of the accident was certain alleged negligence of appellee's motorman.

The second paragraph alleges that there was in effect an ordinance of Indianapolis that required appellee to pave the space between its tracks and keep the same in repair; that it negligently violated the ordinance by failure to keep the space in repair and negligently permitted holes to wear in the surface of the pavement and render the same uneven and dangerous. It is also alleged that there was in effect an ordinance of the city adopted in 1902, granting appellee the right to use its streets for the operation of its cars, which was accepted by appellee, and which declares that appellee's cars

shall be "provided with the most approved life guards." It is averred that appellee negligently violated this ordinance, in failing to equip this car with a most approved life guard; that the car was equipped with a guard not of the most approved type but one which was defective and insufficient in that it was too narrow and short and extended in front of the car only twelve to fourteen inches at the farthest point, and in that it was oval in shape and rounding, making it narrow and inefficient, and not giving sufficient space on it to hold the body of a person that might be struck by the car; that appellee was also negligent in placing the guard too high above the tracks, to wit, eight to twelve inches, thus leaving a space sufficient for the body of an adult to be drawn under the same, and rendering the fender inefficient to either pick up or cast aside the body of a person that might be struck; that the appellee further negligently placed across the guard and in the center thereof an iron drawbar and knuckle head, which prevented a person struck by the car or fender from falling or remaining on the guard, and would cast him on the track. It is then averred that decedent was in the act of crossing Massachusetts avenue, and as she stepped on the north track of the railway appellee ran its car against her and knocked her down on said north track; that she was knocked down by contact with the front of the car, the fender and knuckle head, but was not severely injured by such contact, but, because of said negligence relating to the position, sufficiency and type of guard, and location of drawbar and knuckle head, and the unrepaired condition of the space between the tracks, her body was not picked up by the guard or carried thereon, but was passed over by the guard which held her down and prevented her from escaping from the perilous

position; that the wheels of the car passed over her neck and severed her head from her body.

Appellee earnestly contends that nothing is presented for review here because, as claimed, appellant has failed to comply with Rule 22 of this

1. court in preparing his brief. The instructions given and refused, on which error is predicated, are set out in full in appellant's brief, but other instructions contained in the record are not set out, either in full or in substance. It sometimes happens that an instruction, considered alone, must be deemed as harmfully erroneous, while, if it be considered in relation to others given, the apparent error is rendered harmless. Appellant relies on *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 4, 88 N. E. 682, where this court determined a like question contrary to appellee's contention here. Were the matter one of first impression, we should be inclined to a most careful consideration before denying appellee's contention, but, after the lapse of seven years, during which time litigants have followed said decision in the preparation of their briefs, we do not feel warranted in overruling it.

Appellee states that if error be conceded in the giving or the refusal to give the instructions complained of, yet such errors, if existing, were harmless

2. because of the evidence actually given. Of course, this court cannot look beyond the record in the consideration of an appeal, and, since the record does not contain the evidence, and since the proviso to §691 Burns 1914, *supra*, contemplates a review of instructions without the evidence, we must, to heed appellee's contention, entirely disregard the provisions of said statute. We would not be warranted in assuming such authority. *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 631, 632, 96 N. E. 473. It frequently

occurs that grossly erroneous instructions are cured by the evidence, and the situation here may work a hardship to appellee. The injustice, if any, however, might have been obviated had appellee incorporated the evidence into the record by proper bill of exceptions and procured its certification here for consideration. *Red Men's, etc., Assn.* v. *Rippey* (1913), 181 Ind. 454, 462, 103 N. E. 345, 104 N. E. 641, 50 L. R. A. (N. S.) 1006. The presumption is that an erroneous instruction is harmful, and, if it be determined that any instruction was erroneous, it cannot properly be held harmless because of counsel's statement, unsupported by the record, relating to the evidence given.

It is claimed by appellant that the several negligent omissions or acts charged in the second paragraph of complaint are interdependent and 3. that proof of them all was essential to recovery. We are of the opinion, from a consideration of the paragraph, that it was drawn on the theory of charging four separate and distinct omissions or acts, viz: (1) The equipment of the car with a guard of a type that was forbidden by the ordinance; (2) negligently placing the guard too high above the tracks; (3) negligently placing a drawbar and knuckle head in relation to the guard; (4) negligently permitting the pavement between the tracks to become and remain out of repair. The cause was tried on the theory that each of the four acts or omissions charged was independent of the others. *National Motor Vehicle Co.* v. *Kellum* (1915), 184 Ind. 457, 109 N. E. 196.

The eleventh requested instruction of appellee was given, reading as follows: "In order that the plaintiff may recover in this case it must be 4. shown that the negligence of the defendant as alleged in the complaint was the proximate cause of said decedent's death; and I instruct you

in this case that if decedent, while on defendant's track and while defendant's car was approaching her, could have gotten off the track by the exercise of ordinary care, in time to avoid injury, but instead of doing so remained on such track or started back across the same and was injured thereby, then the act of decedent in such case would be the proximate cause of the injury received by her and your verdict should be for the defendant." It is urged by appellant that the second paragraph of complaint is based on the last clear chance doctrine and that this instruction was erroneous because it took from the jury the determination of the question of the proximate cause of decedent's death and precluded a recovery under such paragraph. Appellee seeks to meet this contention with the claim that the second paragraph of complaint states no cause of action; that it furnishes no basis for the application of the last clear chance doctrine and that it must be held, as a matter of law, that where, as here, a woman of mature age steps on a street car track immediately in front of a moving car, with unobstructed view, and is knocked down and killed, her act is negligent and the proximate cause of the death; that the law can not heed the claim, founded on mere speculation, that decedent, while guilty of contributory negligence as to the "slight" injury received by the first impact with the car, was guiltless of like negligence in that which proximately caused her death; that §285 Burns 1914, Acts 1899 p. 405, confers the right of action for death only where the deceased, if living, might have maintained an action for the same negligent act or omission, and that Mrs. Waters, had she lived, could not have recovered for any injury sustained.

We are of the opinion that the instruction was

erroneous. The second paragraph of complaint states a cause of action under the last clear chance doctrine though it concedes the antecedent negligence of decedent in entering on the track. Whether the decedent was guilty of contributory negligence barring a recovery for her decapitation by the wheels of the car was a question for the determination of the jury. *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 580, 96 N. E. 973, 98 N. E. 1091; *New York, etc., R. Co.* v. *Ault* (1913), 56 Ind. App. 293, 102 N. E. 988; *Balzer* v. *Waring* (1911), 176 Ind. 585, 593, 95 N. E. 257, 48 L. R. A. (N. S.) 834; *King* v. *Inland Steel Co.* (1911), 177 Ind. 201, 208, 96 N. E. 337, 97 N. E. 529; *Pennsylvania Co.* v. *Reesor* (1915), 60 Ind. App. 636, 108 N. E. 983; *Pittsburgh, etc., R. Co.* v. *Pence* (1916), *ante* 495, 113 N. E. 7. It is true that appellant administrator can not recover for a negligent act or omission unless the deceased, if surviving, might have recovered for the same negligence; but, if under the other facts pleaded, Mrs. Waters had suffered only the loss of a limb instead of her head, and had survived, the question of the proximate cause of the injury to her limb should have been submitted to the jury, though her right to have recovered for the "slight" injury in being knocked down would have been precluded by her contributory negligence.

Appellee's requested instruction No. 6, was given, and is in this language: "A street railway company is not obliged to furnish such a fender as will make it impossible for a person to go under the wheels. *It has a right in selecting a fender to use its judgment and experience as a guide and consider all the uses of a fender and the usage a fender has to stand,* and if in good faith *it adopts an appliance that is* reason-

ably sufficient *it has then fully discharged its duty in that respect.*" (Italics ours.)   The portion of this instruction italicized, is vigorously assailed by appellant.

In recent years statutes and ordinances are common which impose on street railway companies the duty to equip their cars with fenders for the better protection of pedestrians from death or serious injury if they come in contact with moving cars.   See monographic note to *Gross* v. *Omaha & C. B. St. R. Co.*, L. R. A. 1915A 748; *Tecker* v. *Seattle, etc., R. Co.* (1910), 60 Wash. 570, 111 Pac. 791, Ann. Cas. 1912B 842, and note.   The validity of the ordinance here is not questioned.   It exacts equipment with "the most approved life guards." In the second paragraph of complaint one of the allegations of negligence is a violation of this ordinance.   It is negligence *per se* to violate a valid city ordinance.   *Public Utilities Co.* v. *Handorf* (1916), *ante* 254, 112 N. E. 775.   While a street railway company might violate a common-law duty in failing to use proper appliances on its cars, it is manifest that it was the purpose of this ordinance to impose on appellee a higher duty than that enjoined by the common law.   *Indiana Union Traction Co.* v. *Abrams* (1913), 180 Ind. 54, 61, 101 N. E. 1.   The language, "most approved life guard," contemplates a type of fender so practical and efficient in avoiding injury to persons coming in contact with moving cars as to meet the greatest measure of general approval of those concerned in street car operation, including, possibly, the members of public service commissions where charged with a duty of approval of such appliances.   The ordinance is general, rather than specific, but contemplates types changing with possible future inventions tending to

greater practical efficiency. Its generality implies that at the time of its adoption no fender had been invented that would in all cases, prevent injury to pedestrians, and it does not make appellee an insurer of their safety.

It is possible, however, that appellee, using its own judgment and experience as a guide, might in good faith adopt a life guard that is reasonably sufficient, and yet be of a quality below the general standard contemplated by the ordinance. In our opinion, the question whether the fender here was of a type "the most approved" was one for the jury, and the court erred in giving the instruction. *Ashley* v. *Traction Co.* (1906), 60 W. Va. 306, 55 S. E. 1016, 9 Ann. Cas. 836.

Complaint is made in reference to other instructions given and refused, but it is not likely that any question now presented in reference thereto will arise at another hearing, and we forbear their consideration. Judgment reversed, with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 113 N. E. 289. Right of action and proceedings to enforce it, in case of death by wrongful act, 70 Am. St. 669; 13 Cyc 316. Operation of a street railway car in violation of ordinance as negligence *per se*, 9 Ann. Cas. 840; Ann. Cas. 1913E 1100; 36 Cyc 1472. See under (8) 36 Cyc 1457; (9) 36 Cyc 1614.