MAXEY *v*. STATE OF INDIANA.

[No. 26,967. Filed October 17, 1938. Rehearing denied November 29, 1938.]

*Ely, Corn & Nixon* and *Carl M. Gray*, for appellant.

*Omer S. Jackson*, Attorney-General, and *Warren W. Martin*, Deputy Attorney-General, for the State.

TREMAIN, J.—The appellant was prosecuted by affidavit and convicted of the crime of receiving stolen goods. His motion for a new trial was overruled.

Upon appeal to this court he has assigned as error, and relied upon for a reversal, instructions given by the court of its own motion to the jury, numbered from 1 to 26 inclusive. Neither the state nor appellant tendered to and requested the court to give other instructions. In the preparation of his brief appellant expressly

waived any error predicated upon instructions numbered 1, 2, 3, 4, 9, 20, 23, 24, and 26, and has not set them out in any form in his brief. All other instructions given by the court to the jury are copied in full in appellant's brief.

At the outset the court is confronted by the contention of the attorney-general that because appellant has not set out in his brief all instructions given by the court, he has thereby not complied with Rule 18 of the Rules of the Supreme and Appellate Courts, and has waived his right to have a consideration by this court of alleged errors predicated upon the instructions set out. The attorney-general asserts that the court, in the absence of all other instructions from the brief, cannot determine whether the errors of which appellant complains, in respect to those set forth in his brief, are available, for the reason that a comparison of those set out with others given might disclose that the subject-matter had been fully covered or cured by the other instructions. The attorney-general says that the last part of the fifth clause of Rule 18, to wit: "When error is predicated on the giving or refusal of instructions the statement must recite the instructions that were given," requires the appellant to set out in his brief all instructions given by the court to the jury.

The decisions of this and the Appellate Court have not been in entire harmony upon this subject. This rule of court requires the appellant's brief to contain a concise statement of so much of the record as fully presents every error and exception relied upon, referring to the pages and lines of the transcript, and that "the statement will be taken to be accurate and sufficient for a full understanding of the questions for decision unless the opposite party in his brief shall make necessary corrections or additions."

This court has held that if the instructions given,

which are alleged to be erroneous, are fully set out in the brief, it is not necessary to set out the other instructions given. *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 88 N. E. 682; *Waters* v. *Indianapolis Traction, etc., Co.* (1916), 185 Ind. 526, 113 N. E. 289. These cases and others hold that if the errors in such instructions are obviated or cured by other instructions given in the case, the appellee should call the attention of the court to such facts, citing the pages and lines where the instructions may be found on which they rely.

If the appellant had tendered instructions which were refused, a different rule would obtain. He should then set out all of the instructions which were given as well as the instructions refused of which complaint was made.

Under the conditions presented by this appeal it was the duty of the attorney-general to bring before the court in his brief instructions given to the jury, if any, which cured any defect in instructions of which complaint is made by appellant.

In instructing the jury the trial court, by instruction number 1, correctly stated the nature of the action and the charge against the appellant by setting out the affidavit in full. The jury was told that the charge against the appellant was no evidence of his guilt and that no juror should permit himself to be influenced against the defendant on account of the affidavit. Instruction number 2 told the jury that the appellant had entered a plea of not guilty, and upon that issue the burden rested upon the state to prove to the satisfaction of each juror, beyond a reasonable doubt, every material allegation contained in the affidavit. Instructions 3 and 4 correctly stated the law defining the offense charged.

Appellant predicates his first objection upon instruction number 5, as follows:

"The Court instructs you that the defendant is presumed to be innocent of the offense charged in the affidavit until the contrary is proved, and if you have a reasonable doubt as to whether his guilt has been so proved, it is your duty to acquit him."

Appellant's sole criticism is that the instruction should have read:

"If his guilt has not been proved to your satisfaction beyond a reasonable doubt, it is your duty to acquit him."

It is not apparent that the change in the wording in the instruction, suggested by appellant, would be of any more aid to the jury than the instruction given, when read in connection with all other instructions.

The objections to the other instructions are general and criticize them as being "vague and misleading," "defective," "contradictory," "hard to understand," and that several of them do not repeat the phrase "beyond a reasonable doubt." If the appellant believed the instructions to be defective in the manner indicated by his brief, he should have tendered instructions which clearly defined the law and stated the propositions so clearly that the same would not be "vague," "misleading," and "defective." The trial court was not required to repeat the phrase "reasonable doubt" in each instruction.

The instructions given by the court, as a whole, fairly state the charge and present to the jury the law applicable to the case. Finding no reversible error, the judgment of the lower court is affirmed.