WOOD *v.* THE CHICAGO AND ERIE RAILROAD COMPANY.

[No. 27,187. Filed January 31, 1939. Rehearing denied May 1, 1939.]

*Samuel E. Cook, Arthur D. Sayler,* and *E. E. Eiken-bary,* for appellant.

*Bowers, Feightner & Bowers,* and *Follansbee, Shorey & Schupp,* for appellee.

FANSLER, J.—This is an appeal from a judgment awarding $200 damages to the appellant in an action for personal injuries governed by the Federal Employers' Liability Act (45 U. S. C. A., §51 et seq.)

Error is predicated upon the overruling of appellant's motion for a new trial.

Appellant asserts that the court erred in refusing to give two certain instructions tendered by appellant, and in giving one instruction tendered by appellee. It is also contended that the verdict is not sustained by the evidence. The complaint is that the amount of the damages assessed is too small.

Appellee suggests that the appellant's brief presents no question. It is true that only by the greatest liberality

can it be said that it conforms to the rules. The instruction tendered and given at the request of the appellee, of which appellant complains, is not set out in the appellant's brief. The court will not search the record to find error. The appellant has not set out in his brief all of the instructions given at the trial. Where error is assigned upon the giving of an erroneous instruction it is not necessary for the appellant to set out all of the instructions, but if error is assigned upon the refusal to give instructions it is necessary that appellant set out all of the instructions which were given, as well as the ones which it is claimed were erroneously refused. See *Maxey* v. *State* (1938), 214 Ind. 623, 16 N. E. (2d) 880. No question is presented with respect to the instructions.

The appellant has not attempted to set out a concise statement of all of the evidence, but only "evidence as to the injuries caused by defendant's negligence to show that the small verdict of only $200.00 is not sufficient." Under the federal statute, which appellant concedes controlled the action, the fact that the plaintiff may have been guilty of contributory negligence justifies the jury in diminishing the damages in proportion to the amount of damages attributable to the employee. Under such a rule it was necessary for the jury to determine not only the extent of the plaintiff's injuries, but the proportion of the damage that was attributable to his own negligence; and therefore, in determining whether there is evidence justifying the verdict, it is necessary to consider not only the character and extent of the plaintiff's injuries, but the evidence as to the defendant's negligence, and the evidence as to the plaintiff's contributory negligence, and to determine, from a consideration of the evidence which tends most to support the verdict upon all three subjects, whether the verdict is erroneous.

The appellant contends that the general verdict of the jury is a finding for the plaintiff upon the question of the defendant's negligence causing the injuries. But the general verdict does not speak upon the question of whether or not there was contributory negligence which operated to minimize the amount of recovery.

The court will not search the record to discover the evidence that is not brought into the brief.

Judgment affirmed.

### ON PETITION FOR REHEARING.

FANSLER, J.—In his petition for rehearing the appellant points out that instruction No. 3 given by the court, of which he complained, is set out in full in his brief although the original opinion states that it does not appear in the brief. It is set out on page 31 of the brief as part of what is numbered (24), which purports to be an argument concerning instructions 7 and 23, tendered and refused.

We have reexamined the appellant's brief in respect to this instruction. The statement is made that it is in direct conflict with the rule laid down in 45 U. S. C. A., §53. No reason is given why it conflicts with the statute, and to the court it does not appear to conflict. The rest of his discussion, and the authorities cited in the petition for rehearing, assumes the instruction to be erroneous and dwells upon the contention that a bad instruction is not cured by good ones. The instruction in question is as follows:

"In this action, the doctrine of comparative negligence applies that is to say, if both parties to the action were negligent, the plaintiff would be entitled to recover even though negligent and his negligence would reduce his damages in proportion that he may have been less negligent than the defend-

ant, but on this point, I instruct you further that if the evidence shows that the defendant was guilty of no negligence in causing the injuries of which plaintiff complains and that plaintiff's injuries were caused solely by plaintiff's negligence then plaintiff cannot recover and your verdict should be for the defendant."

Appellant concedes that a similar instruction involving comparative negligence is correct. No reason why this instruction incorrectly states the law has been called to our attention, and we find none.

The petition for rehearing is denied.