Schramm et ux., Appellants, *v.* Pittsburgh et al.

Argued October 3, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*J. I. Simon,* with him *Barney Phillips,* for appellants.

*Samuel W. Pringle,* of *Dalzell, McFall & Pringle, William Alvah Stewart, Jr.,* City Solicitor, and *Bennett Rodgers,* Assistant City Solicitor, for appellees, were not heard.

OPINION BY MR. JUSTICE BARNES, November 27, 1939:

Plaintiffs appeal from the refusal of the court below to take off compulsory nonsuits.

The wife plaintiff sustained injuries when she slipped and fell on an accumulation of ice and snow lying upon a grass plot between the paved sidewalk and curbing, near the northeast corner of Race Street and Homewood Avenue, in the City of Pittsburgh.

On the day of the accident, February 23, 1935, the streets in that vicinity were covered with snow and ice, but the weather was clear and the visibility good. There had been a heavy snowfall for several days, as well as a slight trace of snow on the morning of the accident. All snow and ice, however, had been removed from the area of the paved sidewalk fronting the property on the corner in question, which was occupied by the additional defendant, David H. Fetzer, as a residence and funeral home. There was evidence that in the process of removal some of the ice and snow had been swept into the portion of the grassplot where plaintiff fell. This unpaved strip, on the Race Street side of the corner, was twenty-seven inches in width and extended to the paved continuation of the Homewood Avenue sidewalk. At the time of the accident it was covered with ice and snow described as "rough" and "lumpy," rising about three inches above the surface of the pavement.

The wife plaintiff was returning to her home at three o'clock that afternoon, and walked north along the east sidewalk of Homewood Avenue. When she reached the corner of Race Street she stopped, and looking to her right observed an automobile approaching on Race Street about three-quarters of a block away. She was

proceeding to the northeast corner of the intersection, when looking again in the direction of the oncoming vehicle, she hastened her step in order to reach the opposite curb in safety. By the time she reached the curb she found that two women were standing near the Race Street edge of the pavement. She attempted to pass to the right of them, and in doing so stepped upon the snow and ice on the grassplot. Her foot slipped, she fell and was injured.

The trial court entered compulsory nonsuits at the close of plaintiffs' case on the grounds, first, that no negligence had been proved on the part of the defendant municipality, or of the abutting property owner, and second, that the wife plaintiff was guilty of contributory negligence.

Plaintiffs urge that because the corner was one much used by pedestrians, who might be compelled to turn aside from the paved portion onto the grassplot, the defendants were required, in the exercise of due care, to maintain the unpaved strip near the corner in a condition as safe for foot passengers as the sidewalk itself. This, it seems to us, would impose an unreasonably heavy burden upon municipalities and abutting owners. We have often said that "the standard of care to which a city is held in the maintenance of its sidewalks is one of reasonable safety. It is not an insurer of the absolute safety of the pedestrians who make use of its sidewalks and streets": *McGlinn v. Philadelphia*, 322 Pa. 478, 480; *Good v. Philadelphia*, 335 Pa. 13, 16, Here it does not appear that the paved sidewalk was inadequate to accommodate the foot traffic at this corner. Nor did the accumulation of snow and ice upon the grassplot constitute an unreasonable danger to pedestrians using the crossing.

In this respect the present case differs from *Boyd v. Kensington Water Co.*, 316 Pa. 522, upon which plaintiffs rely. There the defendant had erected iron structures, known as water boxes, which extended five or

six inches above the surface of the unpaved strip. They were permanent and unforeseen obstructions. Even then, we did not purport to decide whether the presence of the boxes constituted negligence, since the plaintiff was barred from recovery by her own contributory negligence. A better analogy is provided by the case of *Foster v. West View Boro.*, 328 Pa. 368, where the unpaved strip of ground was rough and irregular and was from two to four inches below the level of the pavement. What we there said applies to the present case, (p. 371) : "As we have seen, the borough provided a paved walk adequate and safe for pedestrian travel. While there was an inequality of several inches between the concrete walk and the unpaved strip of ground, there is no evidence that the latter was unsafe for passage, although its surface may have been rough and irregular. The plaintiff was familiar with the conditions of travel there for several years, and was bound to take into consideration the lower level when stepping onto the unpaved plot." In the present case it is equally true that the plaintiff had been familiar with the location for many years, and the evidence shows that she had passed by that very corner on the afternoon of the accident.

The right of the municipality to set aside portions of the streets or sidewalks for grassplots is unquestioned: *Martin v. Williamsport*, 208 Pa. 590, 593; *Pa. Mutual Life Ins. Co. v. Philadelphia*, 242 Pa. 47, 56; *Penna. Mutual Life Ins. Co. v. Cuyler*, 283 Pa. 422, 428; *Dress v. Harrisburg*, 287 Pa. 157, 161. These plots must be so maintained that they will not present an unreasonable risk of harm to pedestrians. Neither the municipality nor the abutting owner should be permitted to ignore the possibility that passersby may deviate from the improved sidewalk onto the unpaved section, and there is therefore a duty to guard against hazardous conditions that may reasonably be expected to lead to injury. See *Emery v. Philadelphia*, 208 Pa. 492,

498.   It is obvious, however, that the duty with regard to the maintenance of grass plots is quite different from that imposed with regard to the traveled portions of the street or sidewalk.   No liability can arise from the uses and conditions which are customary and permissible in such areas, even though they may involve some slight element of danger.   See *Hagerstown v. Hertzler,* 167 Md. 518, 521.

The facts of the present case when viewed in the light most favorable to the plaintiffs fail to disclose that the defendants created, or permitted to continue, a condition so manifestly dangerous to users of the sidewalk that they may be charged with a failure to exercise due care.   As there was no evidence from which the jury might have found that the defendants were guilty of negligence, the entry of compulsory nonsuits was proper.

Judgment affirmed.