COWIN *v.* SEARS-ROEBUCK AND COMPANY.

[No. 18,612.   Filed October 6, 1955.]

*Hogg & Peters,* and *Parrish & Parrish,* of Fort Wayne, for appellant.

*Hunt, Longfellow & Suedhoff*, of Fort Wayne, for appellee.

CRUMPACKER, J.—By the 31st clause of §48-1407, Burns' 1950 Replacement the legislature empowered the common councils of cities in the State of Indiana to enact ordinances "to require the owner or occupant of premises to keep the sidewalks in front of the same free from snow and other obstructions and to prescribe hours for clearing the same . . . " Under the authority of this statute the city of Fort Wayne duly enacted the following ordinance which was in full force and effect at the time of the events of which the appellant complains:

> "Every owner or occupant of any house or other building, and the owner or proprietor, lessee, or persons entitled to possession of any vacant lot, and every person having charge of any church, jail, public hall or other public building in the city, shall, during the winter season and during the time snow shall continue on the ground, by 9:00 A.M. on each and every day clean the sidewalk in front of such house or building, and in front of such lot, from snow or ice, and keep it conveniently free thereof during the day. He shall also, at all times, keep such sidewalk clear from all dirt or filth, or other obstructions or encumbrances, so as to allow citizens to use the said sidewalks in an easy and commodious manner."

This ordinance provides no penalty for its violation but our attention is called to a general ordinance of said city which fixes a fine of not less than $1.00 or more than $100 for the violation of any ordinance not carrying its own penalty.

On December 3, 1950, the appellee herein was the owner and occupant of a store building on two lots fronting on Clinton Court, a public highway in said city of Fort Wayne, but, notwithstanding the duty

imposed upon it by the terms of the above ordinance, it failed and neglected to clear the sidewalk in front of said property of snow and ice before 9:00 A.M. on said day. On the contrary, it permitted snow and ice, deposited wholly through the processes of nature, to accumulate thereon and as the proximate result thereof the appellant, in the afternoon of said day, slipped on said ice and snow and fell with such force as to inflict serious injuries upon his person. The appellant makes no claim that the appellee did anything whatever to cause said ice and snow to fall or accumulate on said sidewalk or that any defect or condition of its premises was responsible therefor or contributed thereto. In other words the appellee is not charged with doing anything which the statutory or common law of Indiana enjoins it from doing. As was said in *Heeney* v. *Sprague* (1877), 11 R. I. 456, 23 Am. Rep. 502, it has simply left undone something beneficial to others which it was required to do by the terms of an ordinance imposing a penalty in case of default. The thing required was not obligatory upon the appellee at common law. It was a duty newly created by an ordinance which, but for the ordinance, the appellee might have omitted with entire impunity. So the question before us, as we conceive it, is whether a person neglecting such a duty is subject not only to the penalty prescribed but also to a civil action in favor of any person specifically injured by the neglect.

The trial court resolved this question in the negative concluding that the ordinance in question created no civil rights and liabilities between individuals and sustained a demurrer to a complaint alleging facts substantially as we have set them out above. The appellant insists that this was error. His position on the question rests on fundamental principles

and is comparatively simple. First, he says city ordinances, specifically authorized by the legislature and duly enacted, have the same local force and effect as statutes. *Prest-O-Lite* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365; *New York, etc., R. Co.* v. *Lind* (1913), 180 Ind. 38, 102 N. E. 449. Second, where such ordinance fixes a standard of duty and its measure is defined, the omission of that duty is negligence *per se.* *Waters* v. *Indianapolis Traction, etc., Co.* (1916), 185 Ind. 526, 113 N. E. 289; *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21; *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775; *Central Indiana R. Co.* v. *Wishard* (1917), 186 Ind. 262, 114 N. E. 970, and the many cases cited in the above decisions. Third, the complaint shows the due enactment of an ordinance which casts upon the appellee a definite specific duty and its failure to perform such duty as the proximate result of which the appellant was injured. Thus, he contends, a cause of action is pleaded which is impervious to a demurrer for want of facts. *Corey* v. *Smith* (1954), 233 Ind. 452, 120 N. E. 2d 410. We have no quarrel with this general argument but we have in mind, nevertheless, that its validity, in this case, is predicated upon the proposition that the duty created by the ordinance involved is specifically owing to the person injured by its non-performance. While we have found no Indiana authority directly in point an examination of decisions in general convinces us that the universally accepted rule is to the effect that the duty cast upon abutting owners by snow and ice statutes or ordinances, such as we have before us, is a public one the breach of which can be punished only by some form of public prosecution and for which a private action will not lie. In *Hale* v. *Knoxville* (1950), 189 Tenn. 491, 226 S. W. 2d

265, the court said: "We think it clear that the duty imposed by this ordinance was for the benefit of the municipality and not for the benefit of individuals composing the public." The court reached this conclusion because, as stated, individual members of the public are sufficiently protected by the common law duty of the city to keep its streets reasonably safe for travel. To like effect is *Sewall* v. *Fox* (1923), 98 N. J. L. 819, 121 A. 669; *Taylor* v. *Lake Shore & Mich. S. Ry.* (1881), 45 Mich. 74, 7 N. W. 728; *Hanley* v. *Fireproof Building Co.* (1922), 107 Neb. 544, 186 N. W. 534; *City of St. Louis* v. *The Connecticut Mut. Life Ins. Co.* (1891), 107 Mo. 92, 17 S. W. 637.

The general rule is stated in 63 C. J. S., Municipal Corporations, §862 (2), p. 234, as follows:

> "Ordinances requiring property owners or occupants to remove snow or ice from sidewalks abutting their premises and providing a penalty ■ for noncompliance therewith create no duty on the part of such owners or occupants to members of the public; and statutes and ordinances of such nature impose no liability for injuries resulting from snow or ice coming on the sidewalk."

We think it necessary to observe, in this connection, that in those jurisdictions recognizing the power of the legislature to make an abutting owner liable in damages for injuries sustained by travelers as a result of his failure to perform a duty imposed in reference to the care of public ways, the general rule above quoted gives way where the express delegation of authority, by the legislature to the municipality, contains language unmistakably indicating the intention of the legislature to empower municipalities to create private rights and responsibilities between individuals. See 25 Am. Jur., Highways, §366, p. 660. Our statute, §48-1407, *supra,*

contains no such language but merely authorizes the enactment of ordinances requiring abutting owners, etc., to clear sidewalks in front of their premises of ice and snow at specified times. The decided weight of authority construing such statutes or ordinances is as stated in 63 C. J. S., *supra*. The thory behind this rule is that such statutes or ordinances are passed for the benefit of the municipality and not for the protection of individual travelers on the highway and therefore no duty, owed to them, is breached by the neglect. See 25 Am. Jur., *supra*. Also Anno. 24 A. L. R. 387; 28 A. L. R. 1360.

The appellant contends however that the ordinance here involved could not have been passed for the benefit of the city of Fort Wayne because in Indiana the removal of snow and ice from public sidewalks, deposited thereon through natural processes, is not a municipal duty or obligation. *McQueen* v. *City of Elkhart* (1896), 14 Ind. App. 671, 43 N. E. 460; *Ewald* v. *City of South Bend* (1938), 104 Ind. App. 679, 12 N. E. 2d 995; *City of Michigan City* v. *Rudolph* (1938), 104 Ind. App. 643, 12 N. E. 2d 970.

Nevertheless in this state municipal corporations are required to exercise ordinary care to maintain their streets in a reasonably safe condition for travel. We quote from the appellant's brief as follows:

"While a city is not liable for injuries arising from a general slippery condition of a sidewalk made so from an accumulation of snow and ice through natural causes, nevertheless, a duty and resulting liability may occur when such snow and ice have been so changed in form from its natural condition so as to become an obstruction to travel by reason of being rough and uneven and the obstruction must have existed for such a length of time that the city had notice thereof and a reasonable time to clear the same."

We are willing to accept that as a fair statement of the Indiana law on the subject.

There being no common law duty on the part of abutting owners to remove snow and ice deposited on their sidewalks by nature alone it is apparent, that except for the ordinance in question, the appellee could have left the snow and ice complained of on its sidewalks indefinitely with entire impunity and inevitably, as the result of traffic, thawing and refreezing, the way would have become rough, uneven and an obstruction to safe travel and thereupon it would become the duty of the city of Fort Wayne to remove it. In our opinion the ordinance in question was passed to obviate such situations and when we contemplate the many miles of sidewalks in said city it becomes obvious that a general performance of the ordinance would be of immense benefit to the municipality and its taxpayers. On the other hand, said ordinance confers no emoluments or privileges on the abutting landowners, their tenants or lessees. It applies alike to nonresident owners of vacant lots, to all occupants of apartment buildings, custodians of public buildings and churches, and to householders whose occupations call them to work in the early morning and leaves them helpless to clear their sidewalk by 9:00 A.M. in the event of snow storms in the meantime. It is inconceivable to us that such an ordinance inures to the benefit of an individual traveler upon the highway to the extent that he is vested with a private right to damages against the abutting owner in the event he is injured by a mere noncompliance with its terms.

If such liability existed it would be quite a formidable one and in that connection we quote from *Heeney* v. *Sprague, supra,* as follows:

"A fall on the ice is often serious in its consequences. The damages resulting from it may amount to thousands of dollars. And under the

ordinance the liability, if it exists, may be visited upon either the owner or the occupant of the abutting premises, or upon any person having the care of them. And further, if the liability exists under the ordinance in question, it exists, *pari ratione,* under every ordinance prescribing a similar duty. To hold that it exists is therefore to recognize, outside the legislature, a legislative power as between individuals, which, though indirectly exercised, is nevertheless, in a high degree, delicate and important. This we ought not to do, unless upon principle or precedent our duty to do it is clear; for we do not suppose that the creation of new civil liabilities between individuals was any part of the object for which the power to enact ordinances was granted."

We subscribe to this doctrine and therefore the judgment is affirmed.

NOTE.—Reported in 129 N. E. 2d 131.