Bromberg, Appellant, *v.* Gekoski.

Argued January 15, 1963. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Avram G. Adler,* with him *Freedman, Landy and Lorry,* for appellants.

*Norman Paul Harvey,* with him *John J. McDevitt, 3rd,* for Ida Gekoski, appellee.

*Murray C. Goldman,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *Edward Greb Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

The wife plaintiff, a pedestrian, fell and was seriously injured when she stepped into a hole[1] located on a small strip of land running between the public sidewalk and the curbstone of the cartway. This action for damages followed and resulted in a jury verdict for the defendants. A motion for a new trial was denied. Plaintiffs appeal from the judgment entered upon the verdict.

In charging the jury as to the duty of care required of a possessor of land in maintaining the sidewalks in front of his property, which are open for use by the traveling public, the trial judge inadvertently described a defective condition as "one that appears to be *very, very*[2] dangerous." This, of course, was legally incorrect and placed too great a standard upon the plaintiffs in establishing the defendants' culpability. Sidewalks must be so maintained that they will not present an unreasonable risk of harm to pedestrians. What constitutes such a condition depends upon all of the circumstances. It may generally be defined as one attended with an unreasonable risk of harm, one that is hazardous or unsafe or one that constitutes a danger to persons traveling thereon. It does not have to be such that is *very, very* hazardous, *very, very* unsafe or *very, very* dangerous. See, *Silberman v. Dubin,* 155 Pa. Superior Ct. 3, 36 A. 2d 854 (1944) ; *McCracken v. Cur-*

---

[1] Described by one witness as being four inches deep and ten to twelve inches long.

[2] Emphasis supplied.

*wensville Boro.,* 309 Pa. 98, 163 A. 217 (1932); *Lawrence v. Scranton City,* 284 Pa. 215, 130 A. 428 (1925); *Davis v. Shenandoah Borough,* 273 Pa. 501, 117 A. 207 (1922); *Rinaldi v. Levine,* 406 Pa. 74, 176 A. 2d 623 (1962).

It is urged that the effect of this inadvertence was overcome by other statements in the charge which correctly stated the relevant responsibilities of a possessor of land. We do not so conclude. While the trial judge stated that it is the duty of a possessor of land to keep the sidewalks free and clear of "defective and hazardous conditions", in no instance did he attempt to rectify or clarify the meaning of the term "defective condition." This was vital for the jury's understanding of one of the principal issues in the case. Moreover, a study of the record discloses more serious error.

Throughout the charge, the trial judge treated the accident as one that was caused by a defect existing on the improved portion of the sidewalk itself. The alleged depression, according to the testimony, existed in the area between the sidewalk and the curb. This area was described as being approximately eighteen to twenty inches wide. Counsel in their questions at trial and in briefs of argument referred to this as a grass plot, although there is no testimony to indicate that it was so maintained. Upon the date of the incident, it was bare of vegetation with the exception of a small patch of wild grass allegedly obscuring the hole. This may have been due to the season of the year. The responsibilities incident to maintain a public sidewalk and a patch of land abutting thereon are quite different. See, *Schaut v. St. Mary's Borough,* 141 Pa. Superior Ct. 388, 14 A. 2d 583 (1940) and *Schramm v. Pittsburgh,* 337 Pa. 65, 9 A. 2d 373 (1939). This was not explained to the jury. Further, the court did not define a pedestrian's right to use such unimproved portion of the thoroughfare. As stated in *Schramm v. Pittsburgh,* su-

324

pra, while the right to maintain grass plots adjacent to public sidewalks is beyond question, the possessor of land should never ignore the fact that the traveling public may deviate from the improved portion of the sidewalk over onto the unpaved portion thereof.

It is argued, as well it might be, that the above mentioned omissions reacted to the benefit of the plaintiffs' case. This may or may not be so. When you consider the situation from the opposite direction, the jury may also have concluded that there was no duty to maintain in a reasonably safe condition anything other than the improved portion of the sidewalk and since the fall did not occur thereon, no liability ensued. The jury was entitled to have a clarification of the issues presented for its decision and this is one of the prime responsibilities of the trial judge. See, *Pleasant v. Carr,* 387 Pa. 634, 130 A. 2d 189 (1957).

It is further noted that counsel specifically requested instructions relevant to the duty to maintain plots of ground abutting public sidewalks and the likelihood of their use by pedestrians. These instructions were refused.

Finally, it is argued that the plaintiffs failed to prove that the alleged depression was the actual cause of the wife plaintiff's fall and that the defendants were entitled to a directed verdict as a matter of law. Viewing the testimony in a light most favorable to plaintiffs' case as we are required to do in resolving this question, we cannot sustain this contention.

Judgment reversed and a new trial is ordered.