KELLEY POE, D/B/A KELLEY'S RESTAURANT *v.* EDITH TATE AND NORRIS TATE.

[No. 1-1273A216. Filed August 12, 1974.]

*Richard L. Fairchild, Richard E. Aikman, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellant.

*Lewellyn H. Pratt, Applegate, Pratt & Ream,* of Bloomington, for appellees.

LYBROOK, J.—Defendant-appellant Kelley Poe, d/b/a Kelley's Restaurant, appeals from a judgment on a jury verdict in favor of plaintiffs-appellees Edith and Norris Tate. The Tates recovered damages for injuries sustained by Mrs. Tate when

she slipped and fell on an icy sidewalk adjacent to Kelley's Restaurant.

Poe presents two issues for our review:

(1) Whether the jury was properly instructed on the duty owed by a proprietor to his business invitees in respect to accumulations of ice and snow on the sidewalk of the business premises; and

(2) Whether there is sufficient evidence to support the jury verdict.

On the evening of January 22, 1962, appellee Edith Tate stopped at Kelley's Restaurant near Mooresville for a cup of coffee. As she was leaving, she slipped and fell on a patch of ice on the sidewalk leading from the restaurant to the parking lot, thereby sustaining personal injuries, the nature and extent of which are not in issue in this appeal.

The sidewalk and parking lot were not public ways, but rather were open air facilities, privately owned and maintained by appellant for the use of his business invitees.

The evidence reveals that although appellant regularly salted and cleared this walk during the winter season, at the time of Mrs. Tate's fall there were patches of ice on the walk and it was generally slick.

## I.

Appellant first argues that the jury was improperly instructed on the duty owed by a landowner-inviter to his business invitees in respect to accumulations of ice and snow on the landowner's privately owned sidewalk leading from his place of business to the adjacent parking lot.

Appellant contends that the trial court erred when it gave Plaintiffs' Tendered Instruction No. 2 and refused Defendant's Tendered Instructions No. 5 and No. 10. These instructions read:

### Plaintiffs' Tendered Instruction No. 2

"The duty of the owner or operator of a business that is open to the public is to exercise reasonable care in keeping

that part of the sidewalk in proper condition for the passage of customers rightfully using it."

Defendant's Tendered Instruction No. 5

"You are instructed that the operator of a business establishment who provides free parking facilities to his invitees is not responsible for injuries to such invitees who fall on ice or snow accumulated on said lot through natural means."

Defendant's Tendered Instruction No. 10

"You are hereby instructed that a property owner is not liable for injury sustained by a business invitee in a fall on an icy sidewalk or parking lot maintained by the property owner for the use of its customers where the condition is a natural one and not caused or aggravated by the property owner."

Appellant maintains that Instruction No. 2 does not properly state the law concerning the above-mentioned duty owed by a business proprietor to his invitees. He argues that although the proprietor is required to exercise ordinary care to keep his premises in a reasonably safe condition, such a duty does not require the proprietor to remove ice and snow accumulated on the premises through natural means. He therefore argues that Instruction No. 2, without Instructions No. 5 and No. 10, was inadequate to fully inform the jury of the duty owed.

Appellant further contends that his instructions 5 and 10 were correct statements of the law and that the failure of the court to give them denied defendant the right to have his theory of defense presented to the jury.

Dispositive of this issue is the recent Indiana Supreme Court decision of *Hammond* v. *Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821. In *Hammond* the question of law decided was:

"What duty of care does a landowner-inviter owe to a business invitee with respect to the natural accumulation of ice and snow on the landowner's private parking lot adjacent to his place of business?" 311 N.E.2d at 822.

The Supreme Court, after discussing the conflicting authorities in Indiana on this subject expressly overruled the case of *Kalicki* v. *Beacon Bowl, Inc.* (1968), 143 Ind. App. 132, 238 N.E.2d 673, and reversed this court's decision in *Hammond* v. *Allegretti* (1972), Ind. App., 288 N.E.2d 197, stating:

> "In light of the foregoing discussion, one is inescapably led to the conclusion that a landowner or occupier is under a duty to exercise reasonable care for the protection of invitees on the business premises. This duty arises as a *matter of law*. The question of whether the defendant-landowner exercised the requisite degree of care is strictly a question for the trier of fact. *Robertson Bros., supra*, 228 Ind. at 381, 90 N.E.2d 809.

> The Court of Appeals and the appellee concede that the above general rules have continued vitality. However, the Court of Appeals in both this case and *Kalicki* carves out an exception to the sound principle of law first enunciated in *Indermaur* and later zealously followed in the courts of Indiana. That exception is that an owner or occupier of property is under *no* duty *as a matter of law* to remove natural (as distinguished from unnatural) accumulations of snow and ice from an open-air parking lot owned or occupied by the inviter. Although this position is supported by ample authority from other jurisdictions, we believe it to be repugnant to the foundational principles of common law occupier's liability. . . .

> In conclusion the *duty* of reasonable care owed by an inviter to an invitee should in no way be diminished by the presence of natural accumulations of ice and snow. The trier of fact in determining whether the inviter engaged in sub-standard conduct proximately resulting in injury to the invitee, i.e., whether the inviter is legally liable, should consider the existence of *natural and unnatural* accumulations of ice and snow. Of course, the trier of fact should take into account a vast range of evidence, to include facts establishing assumption of risk and contributory negligence. All of these factors must be considered in arriving at a determination of liability or non-liability." (Original emphasis.)

We note, as did the *Hammond* court, that the above-enunciated duty of reasonable care is only applicable to cases involving a privately owned parking lot or sidewalk adjacent

to the place of business involved. In cases arising from falls on public sidewalks, there are factors to be considered which are not present here—those being municipal ordinances and common law duties requiring abutting landowners or occupiers, and municipalities to maintain safe streets and sidewalks.[1] In the case at bar, defendant-appellant maintained exclusive private dominion over the sidewalks and parking lot adjacent to the restaurant.

Since the walk in question was privately owned and maintained by appellant for the use of his business invitees, Plaintiffs' Tendered Instruction No. 2 properly defines the duty of reasonable care owed by appellant to his business invitees with respect to accumulations of snow and ice thereon. Further, since the existence of a natural accumulation of snow and ice on the walk does not extinguish the duty to exercise reasonable care, it cannot be said that Instructions No. 5 and No. 10 are correct statements of the law. We therefore are compelled to the conclusion that the trial court committed no error when it gave Instruction No. 2 and refused to give Instructions No. 5 and No. 10.

## II.

Finally, appellant questions the sufficiency of the evidence to support the jury's finding of negligence.

Actionable negligence is comprised of three elements: (1) a duty on the part of the defendant in relation to the plaintiff; (2) failure of the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) and injury to the plaintiff resulting from that failure. *Miller* v. *Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701. In determining whether there is sufficient evidence to support a jury finding on these three elements, this court will neither weigh the evidence nor

---

1. See: *Cowin* v. *Sears, Roebuck & Co.* (1955), 125 Ind. App. 624, 129 N.E.2d 131; *Nyers* v. *Gruber* (1971), 150 Ind. App. 117, 275 N.E. 2d 863.

resolve questions of credibility of witnesses. We will look only to that evidence and reasonable inferences deducible therefrom which support the judgment of the trial court. *Berkebile* v. *Barnett* (1974), 159 Ind. App. 491, 307 N.E.2d 490.

With these standards in mind, a review of the evidence resolves this issue in favor of appellees.

There can be no doubt as to the existence or nature of appellant's duty to appellee. As stated in *Hammond,* this duty arises as a matter of law. Further, the question of whether this duty has been discharged is one to be resolved by the trier of fact. Two witnesses testified that at the time of Mrs. Tate's fall the walk was icy and slippery. We find this testimony, together with other evidence, sufficient to support an inference that appellant did not conform his conduct to the requisite standard of care required by the relationship between him and appellee. We therefore conclude that there was sufficient evidence to support the jury's verdict.

There being no error at trial, the judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 315 N.E.2d 392.