HELEN CRAGO

*v.*

JULIUS LURIE, *et al.*, etc.

(No. 14150)

Decided December 9, 1980.

*Pinsky, Barnes, Watson, Cuomo & Hinerman, Frank Cuomo, Jr. and William T. Fahey* for appellant.
*Donnell, DeLaMater & Hagg and W. Dean DeLaMater, Frankovitch & Anetakis and Carl N. Frankovitch,* for appellees.

PER CURIAM:

This is a personal injury action instituted by the appellant, Helen Crago, against the respondents, the

owners and lessees of a store building, for damages resulting from injuries sustained when she fell on a public sidewalk contiguous to the building. The appellees in response to the appellant's complaint and amended complaint alleged that they owed no duty that was breached. The Circuit Court of Hancock County agreed and dismissed the complaint. The appellant, on appeal, contends that the circuit court erred in so ruling. After examining the question we conclude that the circuit court was correct in holding that the lessees owed the appellant no duty but incorrect in concluding that the property owners had no duty. We, therefore, in part, affirm, and in part, reverse, the decision of the circuit court.

The accident which gave rise to this action occurred on July 4, 1973, when the appellant, Helen Crago, fell on a public sidewalk after leaving the M & B Market. The appellees Julius and Sarah Lurie owned the building contiguous to the sidewalk, and the appellees Gerald Fleming Cutright and Joyce Lee Cutright leased the premises from the Luries.

At the time of the accident Weirton City Ordinance No. 905.07 provided:

> *Duty of Abutting Property Owner.* It shall be the duty, responsibility and obligation of the owner of abutting property along designated sidewalks, whether heretofore established or to be established, to construct, pave, repave, and keep in good order and repair the sidewalk immediately abutting the property.

In her complaint and amended complaint the appellant alleged that this ordinance imposed a duty on the appellee-owners and lessees to maintain the sidewalk adjacent to the M & B Market in good repair and that their failure to maintain the sidewalk had proximately caused her injuries.

The appellees moved to dismiss on the ground that neither the common law nor the Legislature had imposed a duty on them to maintain the public sidewalk.

After hearing the positions of the parties, the circuit court concluded that the common law imposed no duty on an abutting owner or occupant to maintain a sidewalk adjacent to privately-owned premises and that the Legislature had not modified the common-law rule.

It is true that "[u]nder the common law no duty devolves upon an owner to keep the sidewalk adjacent to his property in a safe condition." *Barniak v. Grossman*, 141 W.Va. 760, 763, 93 S.E.2d 49, 52 (1956); *Rich v. Rosenshine*, 131 W.Va. 30, 45 S.E.2d 499 (1947).

However, *W.Va. Code* 8-12-5(5) [1972] specifically authorizes municipalities in the State of West Virginia to enact ordinances ordering that owners and occupiers of premises keep sidewalks adjacent to their premises in good repair.* Pursuant to that statutory section, the City of Weirton enacted Ordinance 905.07.

We have consistently recognized that the violation of a valid municipal ordinance constituted *prima facie* actionable negligence when it was the proximate cause of an

---

* The relevant portion of *W.Va. Code* 8-12-5 [1972] provides:

In addition to the powers and authority granted by (i) the Constitution of this State, (ii) other provisions of this chapter, (iii) other general law, and (iv) any charter, and to the extent not inconsistent or in conflict with any of the foregoing except a special legislative charter, every municipality and the governing body thereof shall have plenary power and authority therein by ordinance or resolution, as the case may require, and by appropriate action based thereon:

\* \* \* \* \* \* \* \* \*

(5) To regulate the width of sidewalks on the streets, avenues and roads, and, subject to the provisions of article eighteen [§ 8-18-1 et seq.] of this chapter, to order the sidewalks, footways and crosswalks to be paved, repaved, curbed or recurbed and kept in good order, free and clean, by the owners or occupants thereof or of the real property next adjacent thereto ...

Many of the same powers existed prior to the 1972 amendment to the municipal corporation article of our Code, in particular *W.Va. Code* 8-4-10 [1931] authorized municipalities:

[T]o order the sidewalks, footways and cross walks to be curbed, recurbed, paved, repaved and kept in good order, free and clean, by the owners or occupants thereof ....

injury. *Costello v. City of Wheeling*, 145 W.Va. 455, 117 S.E.2d 513 (1960); *Barniak v. Grossman, supra; Morris v. City of Wheeling*, 140 W.Va. 78, 82 S.E.2d 536 (1954); *Moore v. Skyline Cab, Inc.*, 134 W.Va. 121, 59 S.E.2d 437 (1950); *Skaff v. Dodd*, 130 W.Va. 540, 44 S.E.2d 621 (1947); *Oldfield v. Woodall*, 113 W.Va. 35, 166 S.E. 691 (1932); *Tarr v. Keller Lumber and Construction Co.*, 106 W.Va. 99, 144 S.E. 881 (1928). And this was true when the ordinance involved the maintenance or repair of a sidewalk. *Costello v. City of Wheeling, supra; Barniak v. Grossman, supra; Morris v. City of Wheeling, supra*. After reading these cases we conclude that the violation of a city ordinance regarding the maintenance of a sidewalk may serve as the basis for a personal injury action against an adjacent landowner when the violation proximately caused the personal injury.

However, as we have previously noted, the common law imposes no duty on an abutting owner to maintain a public sidewalk. Therefore, any ordinance enacted pursuant to the provisions of *W.Va. Code* 8-12-5(5) [1972] is in derogation of the common law. Where an ordinance is in derogation of the common law it must be strictly construed. *Rich v. Rosenshine, supra; see, Newhart v. Pennybacker*, 120 W.Va. 774, 200 S.E. 350 (1938); *Peters v. Hajacos*, 91 W.Va. 88, 112 S.E. 233 (1922); *Rhodes v. J. B. B. Coal Co.*, 79 W.Va. 71, 90 S.E. 796 (1916); *Bank of Weston v. Thomas*, 75 W.Va. 321, 83 S.E. 985 (1914).

The Weirton ordinance upon which the appellant's cause of action is based refers only to the duty of an abutting property owner. It creates a duty which did not exist at common law, and it is, therefore, in derogation of the common law. While it specifically provides that the owner of property has responsibility for keeping an abutting sidewalk in repair, it makes no reference whatsoever to the occupant or lessee of the building. Construing this ordinance strictly, we conclude that it imposes a duty upon an abutting property owner but not an abutting property occupant or lessee to maintain the adjoining sidewalk in good repair.

For the foregoing reasons, we conclude that the appellant's complaint did state a *prima facie* case of

negligence against the appellees, Julius and Sarah Lurie, the owners of the building, and that the circuit court erred in dismissing the complaint as to the appellees, Julius and Sarah Lurie. However, it imposed no such duty on Gerald Fleming Cutright and Joyce Lee Cutright, and the court properly dismissed the complaint as to them.

It is, therefore, ordered that the order of the Circuit Court of Hancock County, insofar as it dismisses the complaint of the appellant against the appellees, Julius and Sarah Lurie be, and the same hereby is reversed, and the case is remanded for trial as to those defendants.

*Reversed in part
and remanded.*