21454

COLLATERAL INVESTMENT COMPANY, Plaintiff-Respondent, v. Jimmy B. PAYNE, Defendant-Respondent, and Nancy J. Payne, Defendant-Appellant.

(278 S. E. (2d) 344)

---

[2] Hollingsworth is entitled to a refund of 20½ mills for the tax years 1977 and 1978.

*Edward V. Atkinson,* Sumter, for *defendant-appellant.*

*Jan L. Warner,* Sumter, *for defendant-respondent.*

*Peter D. Korn,* Columbia, *for plaintiff-respondent.*

May 18, 1981.

GREGORY, Justice.

The order on appeal from the court below requires appellant Nancy J. Payne to convey certain real property to

her former husband, respondent Jimmy B. Payne, in lieu of foreclosure. We reverse.

Plaintiff Collateral Investment Company commenced this mortgage foreclosure action against both Paynes when appellant, then the sole owner of the property in question, defaulted in making payments under plaintiff's mortgage. Appellant held title to the property by virtue of an agreement incorporated into the Paynes' earlier divorce decree whereby respondent conveyed his one-half undivided interest to appellant, who agreed to assume the mortgage.

Respondent answered Collateral's complaint but did not serve appellant with a copy. In his pleading respondent sought to be allowed to pay the arrearage and costs and take title to the property in lieu of foreclosure.

Appellant neither answered, demurred nor otherwise pled to the complaint. She was adjudged in default. The lower court then ordered appellant to transfer the property by deed to respondent, upon his payment of the arrearage and costs. In that event the action was dismissed.

In our view respondent's answer was a cross-claim against appellant as well. It sought an adjudication of her personal rights in a manner foreign to the relief sought by the collateral complaint. Respondent's contention that the complaint was sufficient notice of the affirmative relief he sought against her, and obtained, is in error. Had the foreclosure action run a normal course, appellant would have retained her equity of redemption, title and right of possession up to the time of judicial sale, even though she was in default.

The lower court's conclusion that appellant was in violation of the terms of the divorce decree by failing to keep the mortgage current is no basis for affording relief without notice to the party whose rights were adjudicated. In *Webster v. Clanton,* 259 S. C. 387, 391, 192 S. E. (2d) 214 (1972), we held:

"It is a fundamental doctrine of the law that a party whose personal rights are to be affected by a personal judgment must have a day in court, or opportunity to be heard, and that without due notice and opportunity to be heard a court has no jurisdiction to adjudicate such personal rights. A judgment by a court without jurisdiction of both the parties and the subject matter is a nullity and must be so treated by the courts whenever and for whatever purpose it is presented and relied on."

Because the relief respondent obtained against appellant was accomplished without her having the benefit of notice of the claim and an opportunity to be heard, the court below lacked authority to grant the relief. Accordingly, the order is reversed, and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

Lewis, C. J., and Littlejohn, Ness and Harwell, JJ., concur.