**William CARROLL and Mary Carroll,**
**Appellants–Defendants,**

v.

**Nancy C. JOBE, Appellee–Plaintiff,**

**City of Crown Point, Non–Party to**
**Appeal (Defendant Below).**

**No. 45A03–9309–CV–315.**

Court of Appeals of Indiana,
Third District.

Aug. 10, 1994.

Rehearing Denied Dec. 12, 1994.

Nick Katich, Lucas, Holcomb & Medrea, Merrillville, for appellants.

Stephen J. Peters, Stewart & Irwin, Indianapolis, for amicus curiae, Insurance Institute of Ind., Inc.

Saul I. Ruman, Thomas A. Clements, David M. Hamacher, Ruman, Clements, Tobin & Holub, P.C., Merrillville, for appellee.

GARRARD, Judge.

William and Mary Carroll (Carroll) appeal the trial court's entry of summary judgment, which concluded that an ordinance placing responsibility for the maintenance of a public sidewalk on the abutting landowner creates a duty to pedestrians using the sidewalk. We reverse.

FACTS

On March 17, 1990, Nancy Jobe tripped and fell on a raised section of sidewalk located in front of property owned by Carroll. Jobe filed suit against Carroll and the City of Crown Point, alleging that the defendants were negligent in failing to keep the sidewalk in a safe condition, failing to inspect and discover a dangerous condition, failing to maintain the sidewalk, failing to properly construct the sidewalk, and failing to warn of a dangerous condition.

Carroll filed a motion for summary judgment, contending that they did not own the sidewalk, and, therefore, a duty to Jobe could only be established by the following Crown Point ordinance:

*Maintenance of Sidewalks*

(A) The responsibility for care, maintenance, and repairs of sidewalks located within the city is hereby deemed that of landowners abutting any sidewalk. .

(B) Landowners whose land abuts any sidewalk shall keep the sidewalk in reasonably safe condition, and shall maintain and repair the sidewalk at their own expense as and when needed, and also within 30 days after being notified by the Board of Public Works and Safety that the sidewalk is in need of repairs.

(City of Crown Point Code, § 93.04, R. 69).

Carroll argued that this ordinance did not establish a duty to pedestrians, but rather operated for the benefit of the city. The trial court found that Carroll did not own the sidewalk,[1] but also concluded that the ordinance did create a duty to pedestrians using the sidewalk. Carroll appeals the second portion of the ruling.

DISCUSSION

The sole issue for our consideration is whether an ordinance which places responsibility for the maintenance of public sidewalks on the abutting landowners also creates a duty imposing liability for any pedestrians injured on the sidewalk.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Babinchak v. Town of Chesterton*

---

1. The designated evidentiary material appears to establish that the sidewalk is owned by the Board of Commissioners of Lake County, although the trial court found only that Carroll did not own the sidewalk. Carroll briefly raises the argument that, since the City of Crown Point did not own the sidewalk, it did not have the power to regulate its use. However, Carroll offers no authority and provides no cogent argument on this point, and we do not consider it in our discussion. Ind.Appellate Rule 8.3(A)(7).

(1992), Ind.App., 598 N.E.2d 1099, 1101. If the movant meets his burden of establishing both of these requirements, the opposing party must respond by setting forth specific facts which demonstrate the existence of a genuine issue for trial. *Midwest Commerce Banking Co. v. Livings* (1993), Ind.App., 608 N.E.2d 1010, 1012. At the time of filing the motion or response, a party shall designate to the court all parts of the evidentiary materials upon which it relies for purposes of the motion. T.R. 56(C). In our review, we stand in the shoes of the trial court. We will not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194.

■ A municipality has a common law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel. *Van Bree v. Harrison County* (1992), Ind.App., 584 N.E.2d 1114, 1117. The Tort Claims Act is a codification of the common law in this area, and it does not abrogate this duty. Ind.Code § 34–4–16.5; *Van Bree*, 584 N.E.2d at 1117; *Walton v. Ramp* (1980), Ind.App., 407 N.E.2d 1189. However, there is no similar corresponding duty for owners of property abutting a public sidewalk. *Hirschauer v. C & E Shoe Jobbers, Inc.* (1982), Ind.App., 436 N.E.2d 107, 110; *Town of Argos v. Harley*, (1943), 114 Ind.App. 290, 49 N.E.2d 552, 556. Thus, Jobe argues that the ordinance at issue establishes a duty of abutting landowners to maintain the public sidewalks which may result in liability to pedestrians.

■ The unexcused or unjustified violation of a duty prescribed by a statute or ordinance constitutes negligence *per se* if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation. *French v. Bristol Myers Co.* (1991), Ind.App., 574 N.E.2d 940,

943 (citations omitted). As Jobe seeks to impose liability under an ordinance which would be in derogation of the common law rule of no duty, the ordinance must be strictly construed. *Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.* (1991), Ind., 578 N.E.2d 669, 673.

■ Carroll argues that the ordinance in this case is not intended to protect pedestrians using the sidewalks, but instead is designed to assist the city in discharging its duty to maintain the sidewalks in a reasonably safe condition.[2] In support of this argument, Carroll cites *Cowin v. Sears–Roebuck and Co.* (1955), 125 Ind.App. 624, 129 N.E.2d 131, which held that an ordinance placing responsibility for the clearing of snow and ice from public sidewalks on abutting landowners did not create a cause of action for a third party injured on the sidewalk. The court noted:

> While we have found no Indiana authority directly in point an examination of decisions in general convinces us that the universally accepted rule is to the effect that the duty cast upon abutting owners by snow and ice statutes or ordinances, such as we have before us, is a public one the breach of which can be punished only by some form of public prosecution and for which a private action will not lie.

*Id.* 129 N.E.2d at 132–33. The court concluded that the purpose of the ordinance was to benefit the municipality in performing its duty to keep the streets and sidewalks in a reasonably safe condition, not to protect pedestrians. *Cowin* has been relied upon in several subsequent decisions. *Hirschauer,* 436 N.E.2d 107 (city code requiring owner of property abutting sidewalk to remove snow and ice does not create private right of action); *Nyers v. Gruber* (1971), 150 Ind.App. 117, 275 N.E.2d 863 (ordinance requiring abutting landowner to remove snow and ice benefits the municipality, not pedestrians);

2. Jobe argues that the purpose of the ordinance must be more than to help the city perform its duty to maintain the sidewalks, because I.C. § 36–9–18–9 already accomplishes this goal. However, this statute merely provides to a works board the authority to enact such an ordinance, and is not such a law in and of itself.

Jobe's second statutory construction argument, that the use of the word "responsibility" in the statute is synonymous with "liability" is also of no avail, as we cannot agree, under a strict construction, that the use of the word "responsibility" was intended to expressly establish a cause of action against abutting landowners.

*Personnett v. Great Atlantic & Pac. Tea Co.* (1968), 142 Ind.App. 698, 237 N.E.2d 281.

Jobe urges us to limit the application of these cases to the issue of snow and ice removal, arguing that the ordinance in this case is in fact just like any other safety ordinance, the violation of which constitutes negligence *per se.* However, with respect to the issue of creating liability, or private duty, we discern no logical distinction between an ordinance requiring an abutting landowner to remove snow and ice from a sidewalk and one requiring a landowner to maintain and repair a sidewalk. Both ordinances serve to aid the municipality in discharging its duty to maintain the streets and sidewalks in a reasonably safe condition. The cases which Jobe urges us to follow are inapplicable, as they all involved statutes which were enacted to require individuals to control their own property such that it did not create a safety hazard, rather than to aid the municipality in performing a duty.[3] *See French,* 574 N.E.2d 940 (involving a landowner's duty to trim his shrubs near an intersection); *Dawson by Dawson v. Long* (1989), Ind.App., 546 N.E.2d 1265 (involving a landlord's violation of code requirements for handrails and window construction); *Ray v. Goldsmith* (1980), Ind. App., 400 N.E.2d 176 (involving the violation of an ordinance requiring the removal of locks from a refrigerator or freezer before storage in a place accessible to children).

Our review of case law from other jurisdictions reveals that the overwhelming majority support the proposition that a statute requiring an abutting landowner to maintain a public sidewalk, or to keep a sidewalk clear of snow and ice, creates no duty to pedestrians using the sidewalk, absent an express mandate from the legislature imposing such liability. *Selger v. Steven Bros., Inc.* (1990), 222 Cal.App.3d 1585, 272 Cal.Rptr. 544; *Bittle v. Brunetti* (1988), Colo., 750 P.2d 49; *Thiede v. Tambone* (1990), 196 Ill.App.3d 253, 553 N.E.2d 817, 143 Ill.Dec. 110; *Schilling v. Schoenle* (1990), Ky., 782 S.W.2d 630; *Figueroa v. City of Garden City* (1988), 169 Mich.App. 619, 426 N.W.2d 727; *Lange v.*

*Wehrenberg Theaters, Inc.* (1993), Mo.App., 870 S.W.2d 880; *Kiernan v. Thompson* (1988), 137 A.D.2d 957, 525 N.Y.S.2d 380; *Papen v. Karpow* (1982), 56 Or.App. 673, 643 P.2d 375; *Budahl v. Gordon and David Associates* (1982), S.D., 323 N.W.2d 853; *Parra v. F.W. Woolworth Co., Inc.* (1977), Tex.App., 545 S.W.2d 596; *see also* Annot., 82 A.L.R.2d 998 (1962); 39 Am.Jur.2d Highways, Streets & Bridges, §§ 517, 518 (1968); 63 C.J.S. Municipal Corporations § 826 (1950); *but see Stewart v. 104 Wallace Street, Inc.* (1981), 87 N.J. 146, 432 A.2d 881; *Bromberg v. Gekoski* (1963), 410 Pa. 320, 189 A.2d 176; *Crago v. Lurie* (1980), 166 W.Va. 113, 273 S.E.2d 344 (Pennsylvania and New Jersey impose a common law duty on abutting landowners, while West Virginia has concluded that an ordinance similar to the one before us creates a duty to injured pedestrians).

Also, the Restatement (Second) of Torts squarely addresses the issue before us:

> The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively
>
> .    .    .    .    .
>
> (c) to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public....

Restatement (Second) of Torts § 288.

The comment to § 288(c) further elaborates on the purpose of such legislative enactments:

> [Such legislative enactments] are intended to make the actor responsible to the state, rather than to any individual.... Such provisions are commonly construed to confer no right of action upon the members of the public against the corporation which fails to provide the service.

Restatement (Second) of Torts § 288, Comment d.

---

**3.** Jobe also argues that the enactment of Indiana's "Home Rule" statute undermines the reasoning of *Cowin* and its progeny. However, as those decisions, and our decision today, are not premised upon any lack of authority of the city to validly enact the ordinance, we find no merit to Jobe's contentions. *See Schilling v. Schoenle* (1990), Ky., 782 S.W.2d 630, 633.

To illustrate these principles, the Restatement discusses the effect of an ordinance requiring an abutting landowner to repair and remove snow and ice:

(5) A municipal ordinance provides that abutting property owners must repair defects in sidewalks and remove snow and ice from them, and that if they fail to do so they shall be liable to the city for the cost of the repairs or removal. The ordinance is construed to have no other purpose than to impose responsibility to the city.

Restatement (Second) of Torts, § 288 Comment d, Illustration 5.

Thus, we hold that an ordinance requiring an abutting landowner to repair and maintain a public sidewalk does not create a duty to pedestrians using the sidewalk, absent an express provision to the contrary.[4]

Judgment reversed.

HOFFMAN, J., concurs.

SULLIVAN, J., dissents and files separate opinion.

SULLIVAN, Judge, dissenting.

The majority understandably places great reliance upon *Cowin v. Sears–Roebuck and Co.* (1955) 125 Ind.App. 624, 129 N.E.2d 131 and upon *Restatement 2d. of Torts* § 288(c). The *Cowin* decision and Restatement § 288(c) are consistent but are not germane to the case before us.

In *Cowin,* the language of the ordinance was devoted to keeping the sidewalks free of snow, ice, dirt, and debris "so as to allow citizens to use the said sidewalks in an easy and commodious manner." 125 Ind.App. at 625, 129 N.E.2d 131. Although in a separate concurring opinion in *Nyers v. Gruber* (1971) 150 Ind.App. 117, 275 N.E.2d 863, 874, I discerned a safety concern in the *Cowin* ordinance, I will here assume, arguendo, that the ordinance in *Cowin* involved only imposition of the duty of a municipality to provide unobstructed walkways for members of the public, thus bringing the ordinance within that classification of enactments described in Restatement § 288(c). Subsection (c) of § 288 con-

cerns enactments whose purpose is exclusively "to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public." Thus in holding that the ordinance did not impose tort liability for noncompliance, *Cowin* and the *Restatement* are in accord.

The ordinance in the case before us differs. It requires more than the maintenance of unobstructed walkways so that the public might freely move about. One of the purposes, if not the primary purpose, of the Crown Point ordinance is to ensure safe sidewalks. It very straightforwardly requires abutting owners to "keep the sidewalk in a reasonably safe condition". Record at 69. Where safety is at least one purpose of the ordinance, it is difficult to ascertain for whose safety the duty is imposed, if not for pedestrians.

The correct response to the issue before us is the response given by the West Virginia Supreme Court in construing a somewhat less safety-oriented enactment. The West Virginia ordinance merely required abutting owners to "keep in good order and repair the sidewalk immediately abutting the property." *Crago v. Lurie* (1980) 166 W.Va. 113, 273 S.E.2d 344, 345. The court acknowledged that, as in Indiana, there is no common law duty upon an owner to keep the sidewalk adjacent to his property in a safe condition. Accordingly, the court correctly observed that, being in derogation of the common law, the ordinance must be strictly construed. In doing so, the court appropriately held that a violation of the ordinance constitutes prima facie actionable negligence when it is the proximate cause of an injury. However, because the instant defendant was a mere occupant or lessee rather than an owner, the court held that the ordinance did not apply.

Here, the ordinance in question creates a relationship between owners whose property abuts the sidewalk and those intended to be protected by the ordinance, i.e., pedestrians using the sidewalk. That relationship gives rise to a duty of reasonable care under the circumstances. Violation of the ordinance

---

4. We do not address whether or not Carroll, by affirmative conduct, created the allegedly hazardous condition, as such evidence is not before us.

does not establish liability or even negligence *per se.* However, if lack of reasonable care in failure to maintain or repair is established and is shown to be a proximate cause of injury, liability may be imposed.

I would reverse and remand with instructions to vacate the summary judgment and for further proceedings.